IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMUEL SPIGNER,

    Plaintiff,

vs.

LESSORS, INC.,
a Foreign Profit Corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, SAMUEL SPIGNER, sues Defendant, LESSORS, INC., and shows:

### Introduction

1. This is an action by SAMUEL SPIGNER against his former employer for unpaid overtime pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Southern District of Florida, which is where venue is proper.

### Parties and General Allegations

4. Plaintiff, SAMUEL SPIGNER, (hereinafter "SPIGNER") a resident of Polk County, was at all times material, employed by LESSORS, INC. as a dispatcher, was an employee as defined by 29 U.S.C. § 203 (e), and during his employment with Defendant was

engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

5. Defendant, LESSORS, INC. (hereinafter, "LESSORS"), is a Foreign Profit Corporation doing business in Polk County, Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the offices where SPIGNER was employed.

6. Since on or about March 2010 up to and including November 2010 defendant LESSORS has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically SPIGNER, since March 2010, has worked in excess of 40 hours a week every week of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

7. The failure to pay overtime compensation to SPIGNER is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee, or in the alternative, if SPIGNER was exempt, Defendant's actions and/or conduct have effectively removed any exemption that may have applied to SPIGNER.

8. LESSORS's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and SPIGNER's status as non-exempt, but chose not to pay him in accordance with the Act.

9. SPIGNER is entitled pursuant to 29 U.S.C. § 216(b), to recover from LESSORS:

    a. All unpaid overtime that is due;

  b.  As liquidated damages, an amount equal to the unpaid overtime owed;

  c.  The costs of this action, and;

  d.  A reasonable attorney's fee.

WHEREFORE, Plaintiff, SAMUEL SPIGNER, prays that this court will grant judgment against defendant LESSORS:

  a.  awarding SPIGNER payment of overtime compensation found by the court to be due to him under the Act, including pre-judgment interest;

  b.  awarding SPIGNER an additional equal amount as liquidated damages;

  c.  awarding SPIGNER his costs, including a reasonable attorney's fee; and

  d.  granting such other and further relief as is just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: February 23, 2011
Plantation, Florida

        Respectfully submitted,

        s/Robert S. Norell
        Robert S. Norell, Esq. (Fla. Bar No. 996777)
        E-Mail: robnorell@aol.com
        ROBERT S. NORELL, P.A.
        7350 NW 5th Street
        Plantation, Florida 33317
        Telephone: (954) 617-6017
        Facsimile: (954) 617-6018
        Counsel for SAMUEL SPIGNER