IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMUEL SPIGNER,

      Plaintiffs,                                               CASE NO. 8:11-CV-0420-T-24MAP

vs.

LESSORS, INC.,

      Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

Plaintiff, through undersigned counsel, hereby files this Response to Defendant's Motion to Dismiss or in the Alternative For a More Definite Statement (DE 7), and in support thereof shows the Court the following:

**I.    Introduction**

1. Plaintiff brought this action for unpaid overtime under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), § 207. (See generally DE 1)

2. Since the initial filing, the Court has ordered Plaintiff to file, and Plaintiff has so filed, Answers to the Court's Interrogatories. (DE 4). Defendant then filed its Verified Summary in Response (DE 8).

3. Prior to filing its Verified Summary, Defendants filed a Motion to Dismiss or in the Alternative for a More Definite Statement (DE 7), asserting, inter alia, that Plaintiff failed to provide factual support for the allegations of the Complaint. (See Id.)

4. As will be set forth in greater detail below, Defendant's arguments are without

merit, as Plaintiff has set forth more than enough factual allegations to state claims upon which relief can be granted and Plaintiff has put Defendant on notice as to the nature of Plaintiff's claims. Therefore, Defendant's Motion should be denied in its entirety.

## II.     Memorandum of Law

### A.     Fed. R. Civ. P. 8

Federal Rule of Civil Procedure 8(a) provides in relevant part:

(a) Claims for Relief.

A pleading that states a claim for relief must contain:
(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

If a litigant fails to meet the minimal pleading requirements of Rule 8 above, typically, the opposing party files a motion to dismiss pursuant Fed. R. Civ. P. 12(b)(6). The Supreme Court has noted that a complaint only must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. <u>Ashcroft v. Igbal</u>, 129 S. Ct. 1937, 1949 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). Additionally, a complaint must be liberally construed, assuming facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. <u>Twombly</u>, 550 U.S. at 555. However, "[u]nlike the complex anti-trust scheme at issue in <u>Twombly</u> that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward." <u>Sec. of Labor v. Labbe</u>, 319 Fed. App'x 761, 763 (11th Cir. 2008). To plead an FLSA claim, "[t]he elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records…" <u>Id</u>. (citing 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5)).

### B. Overtime Claims in the Eleventh Circuit

Pursuant to the Eleventh Circuit's pattern jury instructions, Plaintiff must plead and prove three elements in order to prevail in an overtime claim brought under the FLSA. First, that the Plaintiff was employed by the Defendant during the time period involved; Second, that the Plaintiff was an employee engaged in commerce or in the production of goods for commerce, and; Third, that the Defendant failed to pay the Plaintiff the overtime pay required by law. See Eleventh Circuit, Pattern Jury Instructions (2005), pg. 173.

#### 1. Plaintiff was employed by Defendant

As to the first element of the overtime claim, Plaintiff has alleged in the Complaint that he had worked for Defendant from March 2010 up to November 2010. (DE 1, ¶ 5). Defendant has failed to address this element, so presumably, they take no issue with it.

#### 2. Plaintiff Was Covered Individually and Defendant Was a Covered Enterprise

As to the second element of the overtime claim, Plaintiff has pled that both he was engaged in commerce individually and that Defendant was a covered enterprise. (See DE 1, ¶¶ 4, 5). As set forth above in the Eleventh Circuit's opinion, Labbe, 319 Fed. App'x at 763, "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records…" Id. (citing 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5)). Plaintiff is simply not required to allege any additional facts to support coverage.

For example, in an FLSA case where the employer raised a coverage argument on a motion to dismiss, Judge Graham, in his opinion denying the employer's motion, noted:

> "Roberts alleges that she engaged in work that affects interstate commerce. Roberts also alleges that Caballero & Castellanos is an accounting firm that is engaged in interstate commerce for the relevant period and that she was of the belief that Caballero & Castellanos grossed in excess of $ 500,000 annually. Accepting Roberts' well pleaded facts as true and construing the Complaint in the light most favorable to Roberts, Roberts has stated a claim upon which relief can be granted. These issues, especially the extent of Caballero & Castellanos' gross sales, are issues more appropriately determined at the summary judgment stage."

Roberts v. Caballero & Castellanos, P.L., et al, U.S. Dist. LEXIS 1783 at * 9-10 (S.D. Fla. 2010)

Here, as in Roberts, Plaintiff made sufficient allegations to invoke enterprise and individual coverage under the FLSA. For example, in the Complaint, Plaintiff alleged that Defendant has violated the FLSA by employing employees (including Plaintiff) who were engaged in commerce and failing to pay them time and one half for hours worked over forty per week. (See Compl., ¶ 6). Plaintiff also alleged that he was an "employee" and that Defendant was an "employer" as those terms are defined under 29 U.S.C. §§ 203(e) and 203(d) respectively. (See Id. at ¶¶ 4, 5). Additionally, Plaintiff alleged that Defendant was an enterprise engaged in an industry affecting commerce. (Id. at ¶ 5) Accordingly, Plaintiff has both alleged that he was employed by an enterprise[1] and that he was himself engaged in commerce.

The simple allegations as set forth in the complaint satisfy the pleading requirements of Rule 8[2]. Furthermore, the allegations of the Complaint have provided sufficient notice as to the basis of Plaintiff's claims, which is obvious considering that Defendants have quoted the

---

[1] Technically, the relevant terminology would be "enterprise engaged in commerce or in the production of goods for commerce," pursuant to 29 U.S.C. § 203(s). Plaintiff asserts that the implication to be drawn from asserting Defendant was an enterprise is that both prongs of enterprise coverage are met, i.e. the $500,000 threshold factor and the two or more employees engaged in commerce or the production of goods for commerce factor.

[2] See also Anish v. National Securities Corp., U.S. Dist. LEXIS 109939, *5-6 (S.D. Fla. 2010) (finding that allegations of unpaid overtime and that Defendant was an enterprise engaged in interstate commerce were "sufficient to give Defendant 'fair notice of what the claim is and the grounds on which it rests.'"(citing Twombly, 550 U.S. at 555); Horwitz, et al v. 13 Café & Lounge, Inc., et al, U.S. Dist. LEXIS 137514, *3-4 (M.D. Fla. 2010) (finding that allegations claiming Defendant was an enterprise were sufficient to give notice of the nature of the

Complaint's allegations in order to attack their alleged insufficiency. As the Supreme Court has noted, the Federal Rules "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." See Baldwin County Welcome Ctr. V. Brown, 466 U.S. 147, 164 (1984) (quoting Conley v. Gibson,, 355 U.S. 41, 47 (1957)).

Although Defendant cites to a decision in the Southern District[3] in which the court required more facts to support coverage allegations, this decision is not binding. Defendant's position is essentially a misguided attempt at combining the simple pleading standards of Rule 8, with the ultimate burden of proof standards which are applicable at the summary judgment stage or at trial.

### 3. Plaintiff is Owed Overtime Wages

As to the third element of the overtime claim, Plaintiff has established via her Complaint (DE 1, ¶¶ 6-9) that she was not paid overtime wages. Here, Defendant's arguments are troubling, to say the least. Apparently, Defendant is under the impression that Plaintiff is required to set out in detail each and every workweek and the number of hours he worked during each week. Plaintiff asserts that such a position is misguided at best.[4] As was set forth above, the pleading requirements in the Eleventh Circuit simply do not require Plaintiff to set forth his overtime damages with the specificity Defendant calls for.

In further support of Plaintiff's position is the simple fact that the Court has already required Plaintiff to calculate his damages and these calculations are set forth in Plaintiff's

---

claim and grounds on which it rests.) The Court went on to say that "At this stage of the proceeding, no more is required." Id. at *4.
[3] Cavallo v. Bajali Investments, Inc., et. al, No. 11-60069-CV, Dkt. 20 at pp. 3-4, (S.D. Fla. March 7, 2011).

Answers to the Court's Interrogatories (DE 4), which Defendant clearly could have reviewed prior to filing the instant Motion since they were filed 12 days before Defendant's Motion was filed.

### C. Plaintiff Has Standing to Pursue His Claims

29 U.S.C. § 216(b) provides in relevant part:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

Id.

Defendant, in its Motion, tries to claim that because Plaintiff did not file a consent to join his own lawsuit, that he has failed to adhere to the statutory requirements, and therefore, Plaintiff lacks standing to pursue his claims. (See generally DE 7, pgs. 5-6). This argument is ridiculous and clearly misreads the statute. Becoming a party plaintiff to "such action" refers to a collective action in which a plaintiff brings the action in the name of himself and others similarly situated. The similarly situated individuals would be required to file consents to join with the Court in order to become parties to the named party's collective action. Here, this action was brought by a single plaintiff in his own behalf (not on behalf of himself and others similarly situated as would be the case in a collective action). As such, he is simply not required to file a consent to join form to become a party plaintiff to his own lawsuit. Accordingly, Defendant's Motion should be denied for this additional reason.

### D. Venue is Proper in the Middle District of Florida

---

[4] Defendant's cases from the Northern District of California and Southern District of New York are unpersuasive and not binding here either.

Defendant points out in its Motion that Plaintiff pled venue in the Southern District of Florida. (DE 7, pg. 7); (DE 1, ¶ 3). Clearly, given the place of business of Defendant, and the residence of Plaintiff (both in Polk County), and the fact that the action was filed in the Middle District of Florida, demonstrates without question that it was Plaintiff's intention to bring this action in the Middle District of Florida. A simple error in Plaintiff's statement of venue does not overcome the basic facts as alleged elsewhere in the Complaint and additionally the proper filing of this action in the Middle District. Accordingly, Defendant's Motion should be denied for this additional reason.

### III.   Conclusion

For the forgoing reasons, Plaintiff respectfully requests the Court to issue an Order Denying Defendants' Motion in its entirety.

Dated: April 11, 2011
Plantation, Florida

Respectfully submitted,

s/Robert S. Norell
Robert S. Norell, Esq.(Fla. Bar No. 996777)
E-Mail: robnorell@aol.com
ROBERT S. NORELL, P.A.
7350 NW 5th Street
Plantation, FL 33317
Tel.: (954) 617-6107
Fax: (954) 617-6018
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 11, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                            s/ Robert S. Norell
                                            Robert S. Norell

## **SERVICE LIST**
CASE NO. 8:11-CV-0420-T-24MAP

Robert S. Norell, Esq.
E-Mail: robnorell@aol.com
ROBERT S. NORELL, P.A.
7350 N.W. 5th Street
Plantation, FL 33317
Tel.: (954) 617-6107
Fax: (954) 617-6018
Counsel for Plaintiff


Christopher L. Hixon, Esq.
E-Mail: chixon@floridalawyer.com
Lynch & Robbins, P.A.
2639 Dr. MLK Jr., St. N.
St. Petersburg, FL. 33704
Tel: (727) 822-8696
Fax: (727) 471-0616
Counsel for Defendant
Method of Service: CM/ECF