UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMUEL SPIGNER,

    Plaintiff,

v().    Case No.: 8:11-cv-420-T-24 MAP

LESSORS, INC., a foreign profit
corporation

    Defendant.

_____/

**<u>ORDER</u>**

This cause comes before the Court on a Motion to Dismiss Complaint, or in the Alternative, Motion for a More Definite Statement filed by Defendant Lessors, Inc. (Doc. No. 7.) Plaintiff Samuel Spigner opposes this motion. (Doc. No. 9.)

**I.    Background**

On February 28, 2011, Plaintiff Samuel Spigner filed a complaint against Defendant Lessors, Inc. ("Lessors"), his former employer, for failure to pay overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 (Doc. No. 1). Spigner alleges that he is a resident of Polk County, Florida, that he was employed by Lessors as a dispatcher, and that he was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. Sections 203(e) and 207(a). Spigner alleges that he is not exempt from the overtime provisions of the FLSA.

Spigner further alleges that Lessors is a foreign corporation doing business in Polk County, Florida, is an enterprise engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. Sections 203(d) and (s)(1), which has employees subject to the

provisions of the FLSA in the offices where Spigner was employed.

Spigner alleges that, since March of 2010, he worked for Lessors in excess of forty hours per week. Spigner further alleges that Lessors willfully violated the FLSA by not paying him overtime compensation for the overtime hours he worked. Spigner seeks to recover the unpaid overtime he is due, liquidated damages in an amount equal to the unpaid overtime compensation owed, attorneys' fees, and costs.

## II.     Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a short and plain statement of the claim showing the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Although Rule 8 does not require a claimant to set out in detail the facts upon which he bases his claim, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

To survive a motion to dismiss, a complaint must allege sufficient facts, accepted as true, to state a plausible claim for relief. *Id.* Where a complaint contains well-pleaded facts, if those facts "do not permit the court to infer more than the mere possibility of misconduct," the complaint stops short of plausibility and does not show the plaintiff is entitled to relief. *Id.* at 1950. Furthermore, while the Court must assume that all of the factual allegations in the complaint are true, this assumption is inapplicable to legal conclusions. *Id.* at 1949. The door to discovery will not open for a plaintiff "armed with nothing more than legal conclusions." *Id.* at 1950.

Finally, if the allegations in the complaint are so vague or ambiguous such that "the party cannot reasonably prepare a response," a motion for a more definite statement may be filed. Fed. R. Civ. P. 12(e). However, such motions "are disfavored under the law." *Montecalvo v. Brandon Auto Clinic, Inc.,* No. 8:07-cv-851-T-30-MSS, 2007 WL 2225829, *1 (M.D. Fla. July 30, 2007). A motion for a more definite statement is not intended to act as a substitute for discovery. *Eye Care Int'l., Inc. v. Underhill*, 92 F. Supp. 2d 1310, 1316 (M.D. Fla. 2000).

## III.   Lessor's Motion to Dismiss or for a More Definite Statement

On March 29, 2011, Lessors filed the instant Motion to Dismiss or for a More Definite Statement, in which it asserts three grounds for dismissal: (1) that Spigner failed to plead sufficient facts to establish individual or enterprise coverage under the FLSA, or that he worked overtime hours; (2) that Spigner lacks standing under the FLSA because he failed to file a statement of his consent to join the suit; and (3) that Spigner chose the wrong venue in which to file this suit.

### A.   Failure to Plead Sufficient Facts

Lessors first argues that Spigner did not plead sufficient facts to establish individual or enterprise coverage under the FLSA. Lessors contends that when a plaintiff merely alleges that interstate commerce is affected by his or her employment, without providing any facts to support that allegation, the allegations are merely legal conclusions that cannot survive a motion to dismiss.

Here, Spigner alleges that he "was an employee as defined by 29 U.S.C. § 203(e), and during his employment with Defendant was engaged in commerce or in the production of goods

3

for commerce within the meaning of 29 U.S.C. § 207(a)." He further alleges that Lessors "is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the offices where Spigner was employed."

The Court concludes that these allegations regarding individual and enterprise coverage under the FLSA are sufficient to withstand a motion to dismiss. "[T]he requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. 2008). "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Id.* At this stage in the proceeding, no more is required. Lessors has not cited any binding authority which requires Spigner to allege facts to further support his allegation that individual and enterprise coverage exists in this case.

Lessors next argues that Spigner did not plead sufficient facts to state a claim for unpaid overtime compensation. Lessors contends that, by simply asserting that he worked overtime and was not paid for it, without any facts to support this claim, Spigner failed to state a claim for unpaid overtime wages under the FLSA.

The Court disagrees. Spigner alleges that he worked as a dispatcher for Lessor, that since March of 2010 he has worked in excess of 40 hours every week of his employment, and that he has not been paid overtime. He further alleges that he was not an exempt bona fide executive, administrative, or professional employee, or if he was exempt, Lessors's "actions and/or conduct have effectively removed any exemption that may have applied to [him]."

The Court concludes that these allegations are sufficient to give Lessors fair notice of the

nature of the claim and the grounds upon which it rests. Furthermore, the alleged facts are sufficient such that Lessors can "reasonably prepare a response" to the complaint. Fed. R. Civ. P. 12(e). Lessors may rely upon its employment records to deny or admit the paragraphs pleaded. Lessors also may avail itself of Federal Rule of Civil Procedure 8(b)(5), and answer that it "lacks knowledge or information sufficient to form a belief about the truth of an allegation" as to any paragraphs for which it cannot make a determination. Discovery is the appropriate method by which Lessors should seek any additional information necessary to prepare its defense. Accordingly, Spigner has alleged sufficient facts to state a claim for unpaid overtime wages under the FLSA.

      B.     **Lack of Standing**

Lessors next argues that Spigner lacks standing to bring this suit because he failed to comply with all of the provisions of 29 U.S.C. Section 216(b). Lessor's entire argument is that Spigner did not file a statement of his consent to join, which Lessor contends is required to maintain a suit under the FLSA. Title 29 U.S.C. Section 216(b) (emphasis added) provides:

> An action to recover the liability prescribed in [this statute] may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. *No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.*

Lessors contends that, because Spigner did not file a consent to join his own lawsuit, he failed to adhere to the requirements of this statute, and therefore lacks standing to pursue his claims.

The Court rejects this argument altogether. The statute requires an employee to file his consent to join the suit, when the suit has been brought as a collective action by one employee on behalf of himself and others similarly situated. Here, however, the suit was brought by Spigner

individually, and not on behalf of himself and others similarly situated. As such, the statute does not require him file a statement of his consent to join his own lawsuit. Accordingly, this is not a basis for dismissal of the complaint.

### C. Improper Venue

Finally, Lessors argues that the Middle District of Florida is not the proper venue for this suit. To support this argument, Lessors points to one statement in Spigner's complaint in which he avers, "[t]he claim arose within the Southern District of Florida, which is where venue is proper." Lessors contends that, based on Spigner's own allegation, he has chosen an improper venue, and therefore, this case should be dismissed.

The Court again rejects this argument. Spigner's residence, as well as Lessor's place of business, are both in Polk County, Florida, which is located in the Middle District of Florida. Furthermore, in his response to the motion, Spigner confirms that it was his intention to file here, in the Tampa Division of the Middle District of Florida, and that the reference in the complaint to the Southern District of Florida was a typographical error. Accordingly, venue in the Middle District of Florida is proper, and improper venue is not an adequate grounds for dismissal of this suit. Spigner need not amend his complaint to correct this minor, typographical error.

### IV. Conclusion

Viewing the complaint in the light most favorable to Spigner and assuming that the facts alleged in the complaint are true, Spigner has alleged sufficient facts against Lessors at this stage in the proceedings to survive a motion to dismiss. As such, it is **ORDERED AND ADJUDGED** that Defendant Lessors, Inc.'s Motion to Dismiss Complaint, or in the Alternative, Motion for a More Definite Statement (Doc. No. 7) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 18th day of April, 2011.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge